**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2286-19T3

IN THE MATTER OF
RUTGERS UNIVERSITY
POLICE DEPARTMENT
and LESLIE JONES.

_____

Argued January 11, 2021 – Decided February 5, 2021

Before Judges Sabatino, Gooden Brown, and DeAlmeida.

On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2020-002.

Herbert I. Waldman argued the cause for appellant Leslie Jones (Javerbaum Wurgaft Hicks Kahn Wikstrom and Sinins, attorneys; Herbert I. Waldman, on the briefs).

James P. Lidon argued the cause for respondent Rutgers University Police Department (McElroy Deutsch Mulvaney & Carpenter, LLP, attorneys; James P. Lidon, of counsel and on the briefs).

John A. Boppert, Deputy General Counsel, argued the cause for respondent New Jersey Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; John A. Boppert, on the brief).

PER CURIAM

Appellant Leslie Jones was employed by Rutgers University as a campus police officer. He was served with disciplinary charges by the university for allegedly providing alcohol to a minor and inappropriately engaging in sexual contact with a student-employee. The university sought Jones's discharge and, in the meantime, placed him on administrative leave with pay. During that time, the Essex County Prosecutor investigated the matter and declined to file criminal charges against Jones. Jones denies that he engaged in criminal or otherwise wrongful conduct and contests the university's attempts to terminate his employment under civil law.

Jones sought to have his dispute with the university adjudicated in what is known as "special disciplinary arbitration" administered by the New Jersey Public Employment Relations Commission ("PERC"), pursuant to N.J.S.A. 40A:14-209 and -210.

In a written decision issued on January 2, 2020, PERC declined to appoint an arbitrator, deeming Jones ineligible for the program because his conduct was related to one or more criminal offenses. Jones sought reconsideration. PERC denied his request in a second decision dated February 3, 2020, this time noting

Jones was ineligible on the additional ground that he had not been suspended without pay as required by statute.

Jones appeals PERC's rejection of his request for special arbitration. Rutgers and PERC both oppose the appeal as respondents.

While this appeal was pending, we issued on October 15, 2020 a published opinion in IMO Officer Gregory DiGuglielmo and N.J. Inst. of Tech., 465 N.J. Super. 42 (App. Div. 2020), which likewise involved a request by a campus police officer for special arbitration after being charged with disciplinary violations by his public university employer.

We ruled in DiGuglielmo that the campus officer was ineligible for special arbitration for several reasons. Among other things we held, as a matter of statutory interpretation, that the patrolman was not entitled to special arbitration because he was not a "municipal" officer within the ambit of N.J.S.A. 40A:14-150, and thereby not qualified for the option of special arbitration under N.J.S.A. 40A:14-209 and -210. Id. at 60-62. We further held in DiGuglielmo that the officer was also ineligible for the program because he had been suspended with pay. Id. at 63.

A-2286-19T3

We need not determine here whether our opinion in DiGuglielmo should be afforded "pipeline retroactivity" to pending cases.[1] Regardless of whether retroactivity is appropriate, Jones fails to persuade us that our reasoning in that case was incorrect and that a different result should be reached here.

Jones is clearly not a municipal law enforcement officer and, for that reason alone, is not qualified for special arbitration. Id. at 60-62. We incorporate by reference here our detailed statutory analysis of that issue in DiGuglielmo. Ibid. We are aware, as we were in DiGuglielmo, that PERC had taken a contrary legal position in previous administrative rulings concerning campus police officers. Even so, we remain of the view that the statutory program does not extend to persons who are not employed by "a police department or force in a municipality wherein Title 11A of the New Jersey Statutes is not in operation." Id. at 60 (quoting N.J.S.A. 40A:14-150).

Second, we conclude that Jones is additionally ineligible for special arbitration because he has not been "suspended from performing his official duties without pay," as required by N.J.S.A. 40A:14-209. As we explained in depth in DiGuglielmo, the legislative intent of the special arbitration program

_____

[1] Counsel at oral argument indicated to us that there may be very few, if any, cases in the litigation pipeline involving these issues. We are aware that DiGuglielmo has filed a petition for certification with the Supreme Court.

4 <span>A-2286-19T3</span>

was to provide a more expedient means of resolution for police officers who have been deprived of salary or wages while disciplinary charges are pending. Id. at 56 (first quoting Assembly Law and Public Safety Comm. Statement to Assembly, A. 3481 (L. 2009, c. 16); and then quoting Governor's Message on Signing (Mar. 5, 2009)). We find inconsequential for our present context that Jones's status has been termed an "administrative leave" rather than a "suspension." He is being paid and is thereby outside of the intended beneficiaries of the program.

We reject Jones's argument that subsection (c) of N.J.S.A. 40A:14-209 alters the payment analysis. That provision is designed to deal with officers who initially were suspended without pay but who then, due to protracted proceedings by no fault of their own, have had the final determination of their case delayed past 180 days. Under that scenario, the officer begins to collect payment under the 180-day proviso of N.J.S.A. 40A:14-209(a). Subsection (c) applies when an officer or his representative, "who is receiving full pay pending a final determination in accordance with the provisions of subsection a. of this section, requests and is granted . . . a postponement, adjournment or delay of a hearing" so as to further delay the final determination of the case. N.J.S.A. 40A:14-209(c) (emphasis added). That subsection clearly does not pertain to

Jones here, as he has never been suspended without pay and therefore did not trigger the reinstatement of pay in accordance with the 180-day proviso of subsection (a).

In light of our disposition, we need not reach other issues, including whether Jones is ineligible on a third basis of engaging in conduct that is "related" to criminal wrongdoing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2286-19T3